IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TYLER MCCAIN ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00123 |
| ) | |
| BYAN FITZGERALD d/b/a MARATHON ) | |

**TO:** Honorable Aleta A. Trauger, United States District Judge

R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered April 30, 2024 (Docket Entry No. 15), this civil action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

In this case, Plaintiff Tyler McCain, a Tennessee resident, brings claims for damages against the owner of a Pennsylvania business, who is alleged to live in Pennsylvania. *See* Complaint (Docket Entry No. 1). Plaintiff attempted to serve process upon Defendant through a person who Plaintiff asserted was the authorized agent for service of process upon the business. Plaintiff later filed a motion for entry of default against Defendant, but the Clerk of Court denied the motion without prejudice as insufficiently supported. *See* Order entered April 23, 2024 (Docket Entry No. 11). An "answer and counterclaim" was filed on behalf of Defendant by Brianna Jones, who is neither a party in the case nor an attorney authorized to appear on behalf of Defendant, *see* Docket Entry No. 10, and the Court therefore granted in part Plaintiff's motion to strike this filing. *See* Order entered May 8, 2024 (Docket Entry No. 17). In that order, entered on May 8, 2024, the Court noted that "[t]o the extent that Plaintiff has obtained effective service

of process upon Defendant Bryan Fitzgerald and Defendant has failed to timely answer, Plaintiff may renew his motion for entry of default." *Id*. at 2. The docket reflects that the last formal activity that has occurred in the case was the Court's order of May 8, 2024.

It is well settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961). Further, Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff, *see Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980), and Rule 41.01(a) of the Local Rules of Court states that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed." Rule 4(m) of the Federal Rules of Civil Procedure also requires that the defendant be served with process within 90 days of the date an action is filed and provides that, in the absence of a showing of good cause by the plaintiff for why service is not timely effectuated, the court "must dismiss" the action without prejudice.

Plaintiff has taken no substantive steps to prosecute his case since April 30, 2024, when he filed the motion to strike, and there has been no formal activity whatsoever in the case in more than a year. It is also questionable whether Defendant has been served with process in this case. Plaintiff's failure to advance the litigation evidences his abandonment of this case and has resulted in an unnecessary expenditure of resources by the Court.

Given these circumstances, the Court finds that there is a clear record of a failure by Plaintiff to prosecute this case and that the has been dormant for an unreasonable amount of time. Dismissal of the action is therefore warranted based on the Court's inherent authority to oversee

2

Case 3:24-cv-00123    Document 18    Filed 06/03/25    Page 2 of 3 PageID #: 66

its pending cases, and under Rule 41(b) and Local Rule 41.01(a). The apparent lack of service of process upon Defendant also warrants dismissal under Rule 4(m).

## RECOMMENDATION[1]

For the reasons set out above, it is respectfully **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                                          Respectfully submitted,

                                                          BARBARA D. HOLMES
                                                          United States Magistrate Judge

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.